## Matter of the Estate of Frederick A. Von Bernuth, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Transfer tax — duties of appraiser — evidence — exemptions — taxes.

The duties of a transfer tax appraiser under section 230 of the Tax Law do not include the writing of legal opinions or memoranda of law.

A motion to strike from the record a transfer tax appraiser's memorandum covering ten pages of the record and containing a detailed recital of reasons for holding that proof of assessment for personal tax against the decedent was sufficient to exempt certain investments held by him, granted.

Application by state comptroller to strike from this record memorandum signed by the appraiser designated by this court to appraise the estate of decedent.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

John Larkin (Ralph S. Hull, of counsel), for executrix.

Cohalan, S.  This is an application by the state comptroller to strike from the record in the proceeding brought to assess a tax upon the estate of the decedent the memorandum signed by the appraiser who was designated by this court to appraise the estate of the decedent in accordance with the provisions of the Tax Law.  The memorandum covers ten pages of the record and contains a detailed recital of the appraiser's reasons for holding that the proof of assessment for personal tax against the decedent, which was offered by the executrix, was sufficient to

exempt certain investments held by him from taxation under section 221-b of the Tax Law.

. The duties of an appraiser under the Tax Law are specified in section 230. They do not include the writing of legal opinions or memoranda of law. The responsibility for deciding disputed questions of law is placed upon the surrogate, acting in his judicial capacity, and any assistance which he may need in the performance of his duty is generally supplied by the briefs submitted by the parties to the appeal.

While this court does not desire to interfere in any way with the individual preferences of appraisers in making their reports, it feels bound to intimate that its records should not be unnecessarily incumbered, and that memoranda by the appraisers on questions of law should be omitted from their reports. It is unfair to any party appealing to the Appellate Division from the decision of the surrogate to be compelled to print as part of the record the legal opinion of an appraiser. The motion to strike the memorandum from the record is therefore granted.

Motion granted.